## (June 15, 1964)

■ ROBERT BENNETT et al., Appellants, v. J. BURCH MCMORRAN, as Superintendent of Public Works of the State of New York, et al., Respondents.— In an action for a declaratory judgment and injunctive relief seeking, in effect, to prevent the New York State Department of Public Works from proceeding with a proposed reconstruction and widening of the Sunrise Highway in the County of Suffolk, plaintiffs appeal from a judgment of the Supreme Court, Suffolk County, entered April 17, 1963 upon the opinion and decision of the court (38 Misc 2d 928) after a nonjury trial, holding in substance that the proposed reconstruction was not illegal and dismissing the complaint on the merits. Judgment affirmed, with costs. Plaintiffs' right to relief is predicated upon the claim that the highway, as reconstructed, will be a "controlled access highway" within the meaning of the Highway Law, and that the improvement is illegal because defendants have failed to obtain the consent of the Suffolk County Board of Supervisors, as required by that statute (Highway Law, § 30, subd. 1, par. [a]). The highway, as contemplated, will consist of 10 lanes. There will be three inner lanes and two outer lanes in each direction. The express lanes will be separated from the outer lanes by fences, and there will be only limited movement between the inner and outer lanes. However, there will be free and unlimited access to the outer lanes by abutting property owners and others. Subdivision 2 of section 3 of the Highway Law provides, among other things, that a controlled access highway is one "to and from which the owners or occupants of abutting property or of any other persons shall have no right of access". Since there will be unrestricted access to and from the outer lanes, we are of the opinion that the proposed highway will not be a controlled access highway within the purview of subdivision 2 of section 3 of the statute and that the consent of the Board of Supervisors was, therefore, unnecessary. Kleinfeld, Acting P. J., Brennan, Hill, Rabin and Hopkins, JJ., concur.

■ ABRAHAM GREENFIELD, Individually and as Executor of JACOB GREENFIELD, Deceased, Appellant, v. REALTY FUNDS, INC., et al., Respondents.— In an action to set aside certain transfers of property on the ground that they were procured by fraud and undue influence, and for related relief, plaintiff appeals from a judgment of the Supreme Court, Rockland County, entered September 26, 1963 upon the opinion and decision of the court after a nonjury trial, which dismissed the complaint and the defendants' counterclaims. Judgment affirmed, without costs. No opinion. (For prior appeal, see 14 A D 2d 896; for prior related appeals, see Matter of Greenfield, 13 A D 2d 681, 774, 846, affd. 11 N Y 2d 747; Matter of Village of Suffern v. Realty Funds Corp., 12 A D 2d 769, mot. for rearg. den. 13 A D 2d 498.) Ughetta, Acting P. J., Kleinfeld, Hill, Rabin and Hopkins, JJ., concur.